UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CITIZENS BANK,** ) | **CASE NO.1:11CV2364** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **Vs.** ) | |
| ) | |
| **MCKAY REAL ESTATE CORP.** ) | **OPINION AND ORDER** |
| **ET AL.,** ) | |
| ) | |
| **Defendant.** ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants McKay Real Estate Corp., Osair, Inc., Richard M. Osborne and Heisley-Hopkins, Inc.'s Motion to Dismiss (ECF # 30).  For the following reasons, the Court denies Defendants' Motion.

On November 1, 2011, Plaintiff Citizens Bank filed its Complaint against Defendants seeking foreclosure and money damages based on a Note and Mortgage.  On January 2, 2012, Defendants McKay Real Estate Corp., Osair, Inc., Richard Osbourne and Heisley-Hopkins, Inc. filed their Motion to Dismiss.  Defendants contend that Plaintiff failed to comply with the Court's General Order on Foreclosure 2006-16 which, among other things, requires a Plaintiff, seeking to foreclose on real property, to file a payment history.  According to Defendants, in the

absence of a payment history, Plaintiff cannot show its claims satisfy the statutory minimum amount-in-controversy of more than $75,000.

Plaintiff responds that the Complaint referenced the payment history and supporting affidavit at paragraph sixteen but Plaintiff inadvertently omitted the document and affidavit from the exhibits. Plaintiff has subsequently filed the missing payment history and supporting affidavit evidencing a balance owed on the Note of $1,658,004.28 as of October 31, 2011.

Defendants respond that the payment history is incomplete since the loan was allegedly entered into in February 2008, yet the payment history only accounts for payments made in 2010 and 2011.

## **LAW AND ANALYSIS**

When a Complaint alleges subject matter jurisdiction based on diversity, the party asserting federal jurisdiction must show: 1) no plaintiff may be a citizen of the same state as any defendant; and 2) the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a)(1).

Having reviewed Defendants' Motion, Plaintiff's Brief in Opposition and Defendants' Reply, the Court denies Defendants' Motion. The Sixth Circuit has admonished courts that, in diversity cases, district courts "should not dismiss a complaint for lack of subject matter jurisdiction unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Mass. Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416 (6th Cir.1996). Here, the face of the Complaint alleges Defendants owe $1,658,004.28. (Complaint ¶ 21). Therefore, the Complaint clearly alleges Plaintiff's claims satisfy the amount in controversy requirement of § 1332. In addition, Defendants have offered no evidence contesting that the amount-in-controversy falls short of the statutory threshold of more than $75,000. Although the payment

history provided by Plaintiff does not contain the payments allegedly made in 2008 and 2009, the last payment history entry shows a remaining balance of $1, 648, 403.00 as of October 3, 2011. In addition, the affidavit of Charles B. Flint, II, Senior Vice-President of Citizens Bank, attests that the amount owed as of October 31, 2011 was $1,658,004.28. The Court finds that the allegations on the face of the Complaint, and subsequently filed payment history and supporting affidavit sufficiently allege and support the amount-in controversy threshold. Neither the Court's 2006-16 foreclosure Order nor Sixth Circuit precedent warrants a dismissal when it is clear the Plaintiff can, in good faith, claim diversity jurisdiction.

Therefore, for the foregoing reasons, the Court denies Defendants' Motion to Dismiss.

IT IS SO ORDERED.

    S/Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    United States District Judge

April 4, 2012